THE NEW BRUNSWICK SAVINGS INSTITUTION, a corporation, complainant,

*v.*

CITY OF NEW BRUNSWICK, a municipal corporation, defendant.

[Decided November 19th, 1937.]

*Mr. Paul W. Ewing,* for the complainant.

*Mr. Thomas H. Hagerty,* for the defendant.

BUCHANAN, V. C.

This is a bill to quiet title with regard to certain lands in New Brunswick. The jurisdictional facts are duly proven or admitted.

The premises in question were owned by John M. Arniel and George C. MacPherson, and had been by them mortgaged to complainant. On the foreclosure of that mortgage, complainant purchased and became the grantee of the said premises under deed from the sheriff on October 10th, 1934; and ever since has been in peaceful possession thereof and is still the owner thereof.

The defendant municipality owns and conducts a municipal water works from which it supplied water to the former owners Arniel and MacPherson between April 1st, 1930, and January 1st, 1934, for the total charge of $1,771.55. Fur-

ther water was furnished between January 1st, 1934, and October 1st, 1936, at a total charge of $565.30. No part of either of these sums was paid by Arniel and MacPherson or complainant or anyone else.

The defendant municipality claims a lien or liens upon the premises in question for these unpaid water rents and interest thereon, under and by virtue of sections 11 and 12 of article XXXII of the act concerning municipalities,—*P. L. 1917 ch. 152 p. 319* at *p. 436*. Those sections,—or the pertinent portions thereof,—provide as follows:

"Sec. 11. The owner of any * * * building or lot shall each be liable for the payment of the price or rent * * * for the use of water by such owner or by the occupier, * * * and such price or rent * * * shall be a lien upon said * * * building or lot, until the same shall be paid and satisfied. * * *

"Sec. 12. * * * If any water rent or rents or other charges shall remain unpaid and in arrears for six months, the officer or board charged with the duty of the collection thereof shall file with the officer charged with the duty of the collection of tax arrears a statement showing such arrearages, and from the time of such filing the said water rent or rents or other charges shall be a lien upon the land and buildings to which said water was furnished, * * * to the same extent as taxes are a lien upon lands in said municipality, and shall be collected and enforced by the same officers and in the same manner as liens for taxes are enforced and collected."

No statement was filed by the water board (in respect of the water rents between April 1st, 1930, and January 1st, 1934, amounting to $1,771.55) until January 2d, 1934, when a statement was filed with the tax collector for the arrearages in the amount aforesaid for the period aforesaid. Subsequently, on July 1st, 1934, October 1st, 1935, January 2d, 1936, April 1st, 1936, July 1st, 1936, and October 1st, 1936, statements of arrearages were filed with the tax collector for the arrearages due to the said city on the respective dates last mentioned,—each of which statements included the arrearages of $1,771.55 due to the city for the water furnished between April 1st, 1930, and January 1st, 1934.

Under the municipal ordinance, water rents became due and payable on the first days of January, April, July and October in each year.

Complainant does not question the lien of the defendant for the water rents which accrued subsequent to January 1st, 1934, totaling $565.30, and has tendered to the defendant that amount together with interest. The defendant has refused to accept such tender, claiming lien for the further amount of $1,771.55 with interest.

The only issue involved in the present case is whether or not the defendant has a valid lien against the premises for the $1,771.55 and interest in question. Concededly the determination of this issue depends solely upon the provisions of the statute hereinbefore quoted and the true interpretation of such statutory provisions.

It is the contention of the defendant that under the provisions of section 11, a complete and valid lien is given and arises simply and immediately upon the incurring of indebtedness for water and non-payment thereof. For the purposes of determining the present case, it is not necessary to go so far as to concur in this contention. It may be assumed that the contention of complainant is correct,—that section 11 gives only an inchoate lien which does not become complete unless and until the statement of arrearages be filed with the tax collector as provided in section 12.

It is concluded, however, that such lien does become valid and complete upon the filing of such statements in accordance with section 12.

The real dispute between the parties comes down to this,— that complainant contends that the lien does not become valid and complete unless the statements of arrearages are filed with the tax collector every six months; that unless a statement is filed every six months for the arrearages due for the six months immediately preceding, no valid lien is, nor can be thereafter, acquired for that particular six months of arrearages; that the city therefore has no valid lien or claim against the premises for the water rents for the period from April 1st, 1930, to January 1st, 1934, or at any rate for the period from April 1st, 1930, to July 1st, 1933, because no statement of arrearages for water rents accruing during that period were filed until January 2d, 1934.

In that contention this court cannot concur. Such is not the meaning and intent of the statute either as expressly set forth or as necessarily or naturally to be implied.

True it is that section 12 directs that if water rents be unpaid and in arrears for six months, the officer or board charged with the duty of collection thereof shall file with the tax collector a statement of such arrearages; but clearly this does not comprise nor imply the result that unless the statement of arrearages is filed immediately upon the expiration of the six months period, no lien can thereafter be perfected by the filing of such statement. The provision in question sets forth a duty imposed upon the water board or officer, and for neglect or violation of this duty, doubtless the board or officer might become liable to the city for some penalty, or damages. It further seems to operate to provide the times to which, and the periods for which, valid perfected liens may be obtained by the filing of statements. In the absence of such provision, there would be nothing to indicate when or for what period the inchoate lien might be perfected into an actual lien. But there is nothing whatever in the statutory provisions to indicate an intent that if the statement were not filed promptly at the expiration of every six months period, no valid perfected lien could be thereafter obtained.

If, during the period in question, the complainant as mortgagee had made inquiries at the tax collector's office from time to time, and by reason of learning that no statements of arrearages had been filed, had relied upon the assurance thus given that no such liens existed, and in consequence of such reliance had refrained from foreclosing its mortgage, there might well be some ground for argument that an equity or estoppel had thereby arisen in favor of the complainant, against the subsequent claim by the city to the validity and enforceability of its lien. No such situation, however, exists in the instant case. There is neither proof nor intimation that the complainant was in any wise misled to its detriment by the fact that the statements of arrearages were not filed every six months.

It is concluded that the city's claim to valid lien for the entire amount of the arrearages is correct.